IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHAEL L. MAYES; JONATHAN
D. M. MAYES,

        Plaintiffs,

    v.

THE STATE OF OREGON, ET AL.,

        Defendants.

1:14-cv-02042-CL

**OPINION AND ORDER**

**PANNER, District Judge:**

    This matter comes before me on Plaintiffs' petition to proceed *in forma pauperis* ("IFP") in this civil rights action (#2). Plaintiffs initially filed their Complaint (#1) on December 24, 2014. On January 5, 2015, Magistrate Judge Clarke filed a Findings and Recommendation (#9) recommending that Plaintiff's IFP petition be denied and the complaint dismissed with leave to amend. On January 20, 2015, Plaintiffs filed their First Amended Complaint ("FAC") (#16).

    Upon review, Magistrate Judge Clarke's Findings and Recommendation of January 5, 2015, were proper and appropriate.

1 - ORDER

However, Plaintiffs' filing of the FAC superceded the original complaint discussed in the Finding and Recommendation. In the interests of efficiency and judicial economy, I directly analyze Plaintiffs' FAC pursuant to 28 U.S.C. § 1915(e)(2)(B), rather than remand the matter to the Magistrate Judge for a new Findings and Recommendation. For the reasons set forth below, Plaintiffs' IFP petition is DENIED and the First Amended Complaint is DISMISSED.

### **Legal Standard**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Fed. R.

2 - ORDER

Civ. P. 12(b)(6). <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Alt. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> The court is not required to accept legal conclusions, unsupported by alleged facts, as true. <u>Id.</u>

Pro se pleadings are held to less stringent standards than pleadings by attorneys. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988)(citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. <u>Id.</u>

### <u>Discussion</u>

Plaintiff's FAC brings claims against a variety of state actors under 42 U.S.C. § 1983. Defendants include the State of Oregon, the Governor of Oregon, the Oregon Attorney General, two

3 - ORDER

Justices of the Oregon Supreme Court, seven Judges of the Oregon Court of Appeals, a *pro tem* Judge of the Marion County Circuit Court, three Judges of the Josephine County Circuit Court, a Judge of the Jackson County Circuit Court, a Trial Court Administrator of the Jackson County Circuit Court, the Josephine County District Attorney, two Oregon State Police Troopers, four Josephine County Probation Officers, a court-appointed criminal defense attorney, and a private law firm based in Josephine County.

Plaintiffs' FAC is 43 pages long and, although very detailed on certain points, it is disjointed and difficult to understand. Plaintiffs' claims appear to revolve around a number of state court cases, both criminal and civil. Some of these cases are apparently ongoing. The precise nature of these cases is not adequately explained. Plaintiffs' narrative frequently switches between his criminal cases and his civil actions without warning and without clearly identifying which case is being discussed.

At least some of Plaintiffs' civil actions appear to involve a 2011 land sale contract and related ejectment proceeding. The trial court found against Plaintiff in that matter and Oregon appellate courts affirmed.

Plaintiffs' criminal cases appear to involve controlled substance offense convictions in Josephine and Jackson Counties. Plaintiffs appear to dispute the warrants issued in those cases, the prosecutor's decision to bring the cases, the quality of the representation they received from court-appointed counsel, the validity of their guilty pleas, the sentences they received upon conviction, the penalties imposed for probation violations, and

4 - ORDER

the disposition of their criminal appeals.

It is not clear how Plaintiffs' civil and criminal cases are related, if at all. At some point, Plaintiffs contacted the Governor and requested that he intervene on their behalf in their ongoing legal disputes. The Governor apparently declined to do so.

## I. Judicial and Quasi-Judicial Immunity

As an initial matter, I note that fourteen of the named Defendants in this case are state court judges ("the Defendant Judges"). Judges are absolutely immune from suit for judicial acts performed in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991). To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his or her jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." McGuire v. Clackamas Cnty. Counsel, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009)(citing Stump, 435 U.S. at 362). Judges "enjoy absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority." Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989).

In considering whether a judge is entitled to judicial immunity, the scope of the judge's jurisdiction must be "broadly construed to effectuate the policies supporting judicial immunity." Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus

5 - ORDER

on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." Id. "Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party." Id. Under the Oregon Constitution, circuit courts have subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction. Novich v. McClean, 172 Or. App. 241, 245 (2001).

Plaintiffs' claims against the state trial court judges in this matter relate to actions taken by those judges in their judicial capacity. Those actions include ruling on motions, issuing orders, ruling on fee waivers, arraigning defendants, imposing sentences, and making determinations on pretrial release. Plaintiffs allege that the named Judges of the Oregon Court of Appeals affirmed trial court rulings in Plaintiffs' appeals of their civil and criminal cases. Plaintiffs also allege that the named Justices of the Oregon Supreme Court denied Plaintiffs' petitions for review. All of the alleged actions are within the normal judicial functions of appellate judges and amount to nothing more than allegations that the courts issued rulings adverse to Plaintiffs.

Because the challenged actions involve criminal proceedings and real property disputes in the State of Oregon, the courts have subject matter jurisdiction. Plaintiff contends that the court lacked jurisdiction in his civil ejectment case, citing to Nelson v. American Home Mortg. Serv. Inc., 249 Or. App. 555 (2012). I note, however, that Nelson deals with personal jurisdiction, as

6 - ORDER

opposed to subject matter jurisdiction. Plaintiffs also complain about the manner of service in their civil case, citing Or. R. Civ. P. 6, 7, and 23. Once again, these rules deal with personal jurisdiction, as opposed to subject matter jurisdiction. With regard to Plaintiffs' criminal convictions, Plaintiffs allege that the court acted beyond its jurisdiction in modifying his criminal judgment. However, Plaintiffs' allege that it was a probation officer, rather than a judge, who disqualified Plaintiffs from serving home detention. It is not clear from the FAC that the judgment was ever amended and, even if it was, it is not an act so clearly beyond the court's subject matter jurisdiction that it would abrogate judicial immunity.

I conclude that the actions of the Defendant Judges were all taken within the scope of their jurisdiction for the purposes of judicial immunity.

As Plaintiffs claims against the Defendant Judges all relate to judicial acts performed in the judicial capacity and within the scope of their jurisdiction, I conclude that the Defendant Judges are entitled to absolute immunity. As I see no way in which Plaintiffs might further amend their complaint to state a claim against the Defendant Judges, Plaintiffs' claims against the Defendant Judges are DISMISSED with prejudice.

Plaintiffs also bring a related claim against Defendant Bob Clecker, the Trial Court Administrator of the Jackson County Circuit Court. Under absolute "quasi-judicial immunity," court personnel whose challenged activities are an "integral part of the judicial process" are immune from liability. Morrison v. Jones,

7 - ORDER

607 F.2d 1268, 1273 (9th Cir. 1979). Court clerks are among those entitled to quasi-judicial immunity. Sharma v. Stevas, 790 F.2d 1486 (9th Cir. 1986). Quasi-judicial immunity also extends to those members of court staff responsible for scheduling hearings. In re Castillo, 297 F.3d 940, 952-53 (9th Cir. 2002); Phiffer v. Oregon, No. CV-10-1120-SU, 2011 WL 7396602, at *6 (D. Or. Nov. 21, 2011).

Plaintiffs claims against Defendant Clecker relate to the scheduling of motions on the court docket. Accordingly, I conclude that Defendant Clecker is entitled to absolute immunity. As I see no way for Plaintiffs to amend their claims against Defendant Clecker, this claim is DISMISSED with prejudice.

## II. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858-59 (9th Cir. 2008). The doctrine bars federal courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Id. (quotation marks omitted). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id.

Unless expressly authorized by statute, only the Supreme

8 - ORDER

Court has jurisdiction to reverse or modify a state court judgment. Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007). "The clearest case for dismissal based on the Rooker-Feldman doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Id. (quotation omitted).

The relief sought by Plaintiffs amounts, in large part, to an appeal from the decisions of the Oregon state courts. To the extent that Plaintiffs seek to collaterally attack the final judgments of the state courts, this Court lacks jurisdiction.

### III. Claim Preclusion

Courts must "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warrent City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In Oregon, claim preclusion prohibits "a party who has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." G.B. v. Morey, 229 Or. App. 605, 608 (2009).

In this case, Plaintiffs repeatedly argue that the judgments entered against them in state court are void. Upon review of the allegations contained in the First Amended Complaint, as well as the exhibits Plaintiffs filed in support of the FAC, it appears that Plaintiffs raised many of these arguments at the trial court level, where they were rejected. Plaintiffs could and did file

9 - ORDER

direct appeals of the state court judgments, where they could have made these same arguments. I conclude that claim preclusion applies to Plaintiff's arguments about the validity of the state court judgments.

## IV. Other Issues

Plaintiffs' FAC has other obvious defects. Plaintiffs seek to challenge the validity of state court convictions. The Supreme Court has held that civil tort actions, including actions brought under § 1983, "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Plaintiffs' complaint alleges none of the necessary conditions for bringing a § 1983 action for unconstitutional conviction. Rather, Plaintiffs allege that their conviction was affirmed on direct appeal.

Plaintiffs bring § 1983 claims against the private law firm which successfully represented the adverse party in one of Plaintiffs' civil actions. To state a claim under § 1983, a plaintiff must allege that the defendant was acting under color of

10- ORDER

state law at the time the acts complained of were committed. Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005). Private parties may act under color of state law if they "willfully participate in joint action with state officials to deprive others of constitutional rights." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989). Plaintiffs claims against the law firm appear to stem entirely from their role as counsel for an adverse private party in a civil action over ownership of real property. This is not sufficient to demonstrate that the law firm acted under color of state law.

Plaintiffs' claims against their court appointed counsel are similarly not cognizable under § 1983. It is well established that court-appointed attorneys who represent clients in a traditional adversarial role are not state actors. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Miranda v. Clark Cnty. of Nev., 319 F.3d 465, 468 (9th Cir. 2003). Plaintiffs cannot bring a § 1983 claim against their court-appointed attorney for actions taken in the course of defending them in a criminal proceeding.

Plaintiffs' claim against the Governor of Oregon alleges that the Governor was obligated to intervene in their ongoing legal disputes because Plaintiffs sent him a letter asking him to do so. The only basis Plaintiffs provide for this claim is the conclusory statement that the Governor was obligated to intervene in their case under the "take care" clause of the Oregon Constitution.[1] I

---

[1] "He shall take care that the Laws be faithfully executed." Or. Const. art V, § 10.

11- ORDER

find no support for the contention that the "take care" clause obliges the Governor to intervene in ongoing legal proceedings at the request of one of the litigants, nor do Plaintiffs provide any support for that contention. Plaintiffs' claim against Governor Kitzhaber is frivolous in addition to being deficient.

Plaintiffs' claims against the Josephine County District Attorney relate to his decision to bring criminal charges against Plaintiffs. Plaintiffs allege that he lacked probable cause to do so. "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case' insofar as that conduct is intimately associated with the judicial phase of the criminal process." Burns v. Reed, 500 U.S. 478, 486 (1991)(quotation marks omitted). The allegations Plaintiffs make against the Josephine County District Attorney relate entirely to his decision to bring charges against them. Such claims fall squarely into the category of conduct protected by prosecutorial immunity.

## V. Failure to State a Claim

Despite its length, Plaintiffs' FAC fails to conform to federal pleading standards. It does not include a short and plain statement of sufficient factual matter to state a facially plausible claim for relief. Instead, Plaintiffs provide a confused chronology of events which Plaintiffs label as unlawful without providing the factual context necessary to understand Plaintiffs' claims. As noted, Plaintiffs seek to bring suit against numerous state court judges and other entities who are

12- ORDER

immune from suit. Plaintiffs also seek to use a federal action to launch an improper collateral attack on the decisions of the state courts.

For the reasons set forth above, Plaintiffs' First Amended Complaint is DISMISSED. Because I cannot say with certainty that Plaintiffs could not state claim by further amendment, dismissal is without prejudice and with leave to amend.

### Conclusion

Plaintiffs' First Amended Complaint (#16) is DISMISSED. Plaintiffs shall have thirty (30) days to file an amended complaint. Plaintiffs' IFP Petition is DENIED (#2).

IT IS SO ORDERED.

DATED this 26 day of January, 2015.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

13- ORDER