IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MICHAEL L. MAYES and<br>JONATHAN D. MAYES; | Case No. 1:14-cv-02042-CL |
| Plaintiffs;<br>v. | |
| STEVEN D. CAMPBELL, RYAN MULKINS<br>TONYA HENDERSON, JESS ELZY, DAREN<br>CALVERT, BRIAN SORENSON, MATT<br>SCAGLIONE, KEVIN BLIACH, ROBERT S.<br>BAIN, JOHN E. DAVIS, RICHARD BILLIN,<br>and ROGER L. ADDINGTON; | **REPORT &<br>RECOMMEDATION** |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiffs Michael Mayes ("M. Mayes") and Jonathan Mayes ("J. Mayes") (collectively, "Plaintiffs") seek to proceed in forma pauperis ("IFP") in this civil rights action. On January 26, 2015, this Court dismissed (#18) Plaintiffs' First Amended Complaint without prejudice and denied Plaintiff's IFP petition. On February 24, 2015, Plaintiffs filed a Second Amended Complaint (#23, "SAC") and moved to set aside (#26) the Court's denial of their IFP application. Because the Court is barred from hearing the claims raised in the amended pleading, Plaintiffs' Second Amended Complaint should be DISMISSED and their IFP petition should be DENIED as moot.

Report & Recommendation - 1

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. Id.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

## DISCUSSION

This action arises from multiple civil and criminal cases in Oregon state court. Plaintiffs assert "state court judges and attorneys, law enforcement, probation officers, private attorneys and persons" conspired to deprive Plaintiffs of their constitutional rights and to secure fraudulent state court judgments against them. SAC ¶ 18. Plaintiffs' allegations are dense and somewhat difficult to differentiate. The following is a general synopsis of their Second Amended Complaint.

Plaintiffs' allege Defendant Addington, who sold land to Plaintiffs, conspired to have Plaintiffs illegally removed from their land and attempted to shoot M. Mayes with a homemade spear-gun. SAC ¶¶ 24, 29. M. Mayes tried to file a citizen's complaint for attempted murder against Defendant Addington but a state court judge denied his request. SAC ¶ 34. M. Mayes visited the district attorney's office and demanded that they prosecute Defendant Addington. SAC ¶ 35. Defendant Campbell refused. SAC ¶ 35. Defendant Meyers arrested M. Mayes for "MCS; PCS, and DCS for marijuana" in retaliation for his efforts to compel Defendant Addington's prosecution. SAC ¶ 35. Meanwhile, Defendant Addington commenced an ejectment action against M. Mayes and secured a default judgment against him by fraudulently representing that M. Mayes failed to appear for a deposition when, in fact, M. Mayes had never

been served with notice of the deposition. SAC ¶ 41. Thereafter, Defendants fraudulently seized Plaintiffs' property. SAC ¶ 42.

On September 22, 2011, Plaintiffs allege Defendants conducted an illegal search of their property and medical marijuana grow. SAC ¶¶ 46, 49. Plaintiffs allege Defendant Meyers forged a search warrant and failed to comply with Oregon's warrant return process. SAC ¶ 47. They assert law enforcement "planted [ ] 22-shells on Mr. J. Mayes' desk in his bedroom" as evidenced by a "smudge mark through the otherwise undisturbed dust" on the desk. SAC ¶ 53. The state court denied Plaintiffs' motions to "suppress and controvert" evidence secured through the search and prevented Plaintiffs from examining witnesses in order to "expose corruption of the court." SAC ¶ 61. J. Mayes was forced to plead guilty to related charges because his attorney, Defendant Bain, rendered inadequate representation. SAC ¶ 64. He served seventeen days on a work crew which Plaintiffs call "involuntary servitude." SAC ¶ 64.

Defendants conspired to disqualify M. Mayes from home detention by fraudulently representing that he did not comply with court orders. SAC ¶¶ 68-69. Defendants Henderson and Scaglione unlawfully entered Plaintiffs' property and arrested M. Mayes without probable cause "in continuance of Addington's and Meyer's conspiracy." SAC ¶¶ 74-76. Defendant Mulkins intentionally acquired false statements from witnesses to use in M. Mayes' ensuing prosecution. SAC ¶ 87.

## I. The Rooker-Feldman Doctrine

While more detailed and focused than their original two complaints, Plaintiffs' Second Amended Complaint still fails under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine bars federal district courts from exercising appellate jurisdiction over state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). A district

court does not have jurisdiction to hear claims that are "inextricably intertwined" with a state court's prior decision. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983). The Ninth Circuit has found claims to be "inextricably intertwined" where a federal action requests relief that "would effectively reverse the state court decision or void its ruling." Cooper v. Ramos, 704 F.3d 772, 779 (9th Cir. 2012) (quoting Fontana Empire Ctr., LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002)). Rooker-Feldman's bar applies even when a challenge to a state court decision implicates federally protected rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

Plaintiffs invoke the extrinsic fraud exception to Rooker-Feldman's jurisdictional bar. In Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140-41 (9th Cir. 2004), the Ninth Circuit distinguished between a federal suit alleging that an adverse party committed a wrongful act during a state proceeding and a federal suit alleging a legal error by a state court. It explained, "Rooker–Feldman [] does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." Id. at 1141. "Extrinsic fraud on a court is, by definition, not an error by that court." Id. It is a wrongful act that "prevents a party from having an opportunity to present his claim or defense in court." Green v. Ancora–Citronelle Corp., 577 F.2d 1380, 1384 (9th Cir. 1978).

Where alleged fraud goes "to the very heart of the issues contested in the state court action[,]" it can "hardly be considered extrinsic or collateral to the matters involved in the action." Id. In such cases, Rooker-Feldman governs. For example, in Dixon v. State Bar of

California, 32 F.App'x 355, 356-57 (9th Cir. 2002), the Ninth Circuit found that allegations of "discriminatory prosecution, the use of fabricated evidence, and the wrongful exclusion of supposedly exculpatory evidence" described intrinsic, not extrinsic, fraud.

The fraud, misconduct, and misrepresentations alleged by Plaintiffs are not extrinsic or collateral to the matters involved in their Oregon court cases. Rather, Plaintiffs allege a conspiracy involving the state court. They challenge the very basis of the state judiciary's decisions: asserting local judges worked with law enforcement and private persons to secure false judgments against them. If true, this undoubtedly amounts to intrinsic fraud. Moreover, their complaint raises issues that Plaintiffs have already presented in state court to no avail. This Court's adjudication of those claims would "undercut the state ruling[s]." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Thus, Plaintiffs' federal action is "inextricably intertwined" with the state court decisions they seek to void and must be dismissed for lack of subject matter jurisdiction. Id. Pursuant to the Rooker-Feldman doctrine, this Court does not have authority to hear Plaintiffs' claims.

## II. Claim Preclusion

Furthermore, claim preclusion applies to Plaintiffs' arguments against the validity of the Oregon court judgments. Federal courts must give to state court judgments "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ, 465 U.S. 75, 81 (1984). In Oregon, claim preclusion prohibits the re-litigation of a case that is "based on the same factual transaction that was at issue in the first [case], seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." Rennie v. Freeway Transport, 294 Or. 319, 323 (1982). Plaintiffs' current federal claims arise from the same factual

transactions that were at issue in their state cases. They were, or could have been, litigated in those proceedings. Plaintiffs had the opportunity to appeal the trial court's handling of those matters, and it appears that they have done so. Therefore, Plaintiffs' claims are barred under the doctrine of claim preclusion.

## RECOMMENDATION

Because Plaintiffs' claims are barred by the Rooker-Feldman and claim preclusion doctrines, the Court recommends that Plaintiffs' Second Amended Complaint (#23) be DISMISSED with prejudice, their motion to set aside (#26) DENIED as moot, and judgment entered for Defendants.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objection within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of April 2015.

MARK D. CLARKE
United States Magistrate Judge